UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK EVAN SPROLES,<br>    Plaintiff,<br><br>v.<br><br>INDIANA LAW ENFORCEMENT<br>ACADEMY and<br>INDIANA DEPARTMENT OF<br>NATURAL RESOURCES,<br>    Defendants. | Case No. 1:23-cv-00431 |

## COMPLAINT FOR DAMAGES

Plaintiff, Mark Evan Sproles, submits his Complaint for Damages against Defendants, Indiana Law Enforcement Academy and Indiana Department of Natural Resources and, in support thereof, alleges and states as follows:

1. Plaintiff Mark Evan Sproles (Sproles) is a resident of Henry County, Indiana.

2. Defendant Indiana Law Enforcement Academy (ILEA) is a political subdivision of the State of Indiana with its principal office located at 5402 South County Road 700 East, Plainfield, IN 46168-0313.

3. Defendant Indiana Department of Natural Resources (IN DNR) is a political subdivision of the State of Indiana with its principal office located at 402 W. Washington Street, Indianapolis, IN 46204.

4. The breaches, harms, and allegations complained of herein committed by Defendants all occurred in Hendricks County, Indiana.

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

6. Additionally, jurisdiction is conferred on this Court for all State Claims pursuant to 28 U.S.C., § 1337, supplemental jurisdiction, which permits the Federal Court to hear all claims arising out of the same transaction or facts.

7. Sproles satisfied all conditions precedent under the Indiana Tort Claims Act prior to initiating this action.

8. Sproles exhausted his administrative remedies pursuant to the ILEA Student Handbook prior to initiating this action.

9. In the fall of 2021 Sproles accepted a position as a Trainee Officer with the Indiana Department of Natural Resources Law Enforcement Division.

10. As a result of his employment with IN DNR, Sproles was enrolled in the 226th Basic Class of the Indiana Law Enforcement Academy held from January 2022 to April 2022 in Plainfield, Indiana.

11. While enrolled in the 226th Basic Class, Sproles was elected class president by his peers.

12. During his enrollment, Sproles was harassed by ILEA staff.

13. Lt. Lahay forced Sproles to stand in front of his class and falsely say that Sproles' "Daddy bought me a new truck today."

14. Shortly after winning the presidential election, Lt. Brown stated, in front of Sproles' classmates, that Sproles would be impeached.

15. Lt. Brown also told Sproles, in the presence of other classmates, that Sproles would be impeached.

16. Lt. Brown also referred to Sproles as a fake class president.

17. Lt. Kipper instructed students of the 226th Basic Class to use business cards with Sproles' face that Sproles made for the purpose of running for class president as target practice on the firing range.

18. Lt. Aspenson used a hand motion directed toward Sproles indicating that he would harm Sproles or that Sproles should harm himself.

19. As of April 17, 2022, Sproles was on track to graduate from ILEA with honors.

20. On April 18, 2022, Sproles was waiting in the ILEA lobby to talk to Captain Bridge about graduation and Captain Bridge told Sproles to accompany him down the hall.

21. Captain Bridge escorted Sproles to a conference room on the ILEA campus.

22. Sproles was not told why he had been escorted to go to the conference room prior to entering the room.

23. Upon opening the door to the conference room, Captain Bridge said to Sproles, "I bet you weren't expecting this."

24. When Sproles got to the room, already present in the room were members of ILEA staff including Lt. Tom Lahay, Lt. Randy Aspenson, First Sgt. Eric McElhaney, First Sgt.

Brent Stoelting, First Sgt. Ron Allen, Lt. Nick Pollaro, Lt. Lance Burris, Lt. Mike Brown, and DNR Training Sgt. Jon Fennig.

25. After entering the room, Lt. Lahay accused Sproles of plagiarizing a writing assignment regarding a DUI report (the "writing assignment").

26. Sproles was not confronted regarding plagiarism of the writing assignment prior to stepping into the conference room with Captain Bridge.

27. A Staff Review Board ("Review Board") was immediately conducted regarding the allegation that Sproles had plagiarized the writing assignment.

28. Sproles was not told that a Review Board was being conducted until after the Review Board was finished.

29. A thorough investigation was not made prior to the Review Board being conducted.

30. Sproles was not advised that he could request the Review Board hearing to be open.

31. Sproles was not provided the opportunity to present evidence on his behalf.

32. Sproles was not given the opportunity to have counsel present at the Review Board hearing.

33. Sproles was not informed of his right to an appeal.

34. Sproles maintained his innocence during the Review Board.

35. Sproles did not admit to plagiarizing the writing assignment.

36. Sproles maintains that he did not plagiarize the writing assignment.

37. No other students were present at the Review Board hearing.

38. Not all of the members of the Review Board reviewed the writing reports prior to the Review Board.

39. Sproles followed the layout of the writing assignment as instructed by Lt. Lahay.

40. Sproles received a passing grade on the assignment prior to the Review Board.

41. The Review Board participants concluded that Sproles did plagiarize the writing assignment.

42. Sproles was informed that his recommended punishment would be receiving a zero or failing grade on the writing assignment; being removed from his role as basic class president; that he would be given a second attempt at a different assignment to fulfill his requirement for the writing assignment if requested by IN DNR; and his "honors" distinction would be removed as an ILEA graduate.

43. On April 18, 2022, ILEA informed IN DNR that Sproles did not meet the requirements to successfully complete the training of the Basic Session.

44. On or about April 19, 2022, Captain Mark Bridge informed the entire ILEA 226th Basic Class that Sproles had committed plagiarism.

45. On or about April 20, 2022, ILEA staff told the entire ILEA 226th Basic Class not to communicate with Sproles.

46. Also on or about April 20, 2022, Captain Mark Bridge told the entire ILEA 226th Basic Class that Sproles was no longer at ILEA due to an integrity issue and, specifically, not due to plagiarism.

47. On or about April 21, 2022, Sgt. Fennig informed IN DNR recruits enrolled in the ILEA 226th Basic Class that Sproles had committed plagiarism.

48. ILEA communicated the conclusion that Sproles plagiarized and the disciplinary decision to IN DNR.

49. IN DNR determined that it would not request that Sproles be permitted to attempt the writing assignment a second time.

50. Sproles could not graduate from ILEA without achieving a passing grade on the writing assignment.

51. IN DNR's determination to not permit Sproles a second attempt at the writing assignment resulted in Sproles being dismissed from ILEA.

52. On April 19, 2022, IN DNR terminated Sproles' employment.

53. IN DNR terminated Sproles because it was informed by ILEA that he had committed plagiarism.

54. At all times material hereto, the employees and staff of ILEA and IN DNR were acting within the course and scope of their employment.

**COUNT I**
**Violation of Due Process Rights – U.S. Const. amend. XIV, § 1**

55. Sproles incorporates by reference all preceding paragraphs.

56. Sproles possessed the right to obtain and utilize representation during the Review Board hearing conducted on April 18, 2022.

57. ILEA and IN DNR acting individually and in concert under color of Statute, regulation, or usage, caused Sproles, a citizen of the United States to be deprived of rights and privileges secured by the constitution and laws to his detriment did not follow its own procedures when it conducted the Review Board on April 18, 2022.

58. Sproles appealed the decision of the Review Board within 60 days of its decision.

59. To date, ILEA has not responded to Sproles' appeal request.

60. ILEA has deprived Sproles of his right to a full and fair evidentiary hearing.

61. ILEA has deprived Sproles of due process through both its conduct of the Review Board and by failing to respond to his appeal request.

62. These violations of Sproles' constitutional rights caused him damage by the deprivation of his due process rights and that he was prohibited employment at the IN DNR, future employment opportunities as a member of IN DNR, and future government employment, his reputation was damaged, and he was damaged emotionally.

63. Sproles requests an award of his attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT II
### Defamation

64. Sproles incorporates by reference all preceding paragraphs.

65. Both ILEA and IN DNR, through their respective staff, made defamatory communications regarding Sproles by making and disseminating the statement that he plagiarized.

66. Both ILEA and IN DNR, through their respective staff, published the defamatory communication to Sproles' classmates at ILEA and, upon information and belief, other individuals involved in government employment in Indiana.

67. ILEA and IN DNR knew the statements were false at the times they were disseminated, acted with reckless disregard with respect to the truth or falsity of the statement, or failed to exercise ordinary care in determining the truth or falsity prior to making the defamatory communications.

68. To the extent ILEA and IN DNR held any qualified privilege or immunity to make the defamatory statements, the privilege or immunity was abused because the statements were primarily motivated by ill will, or they were made without belief or grounds of belief in their truth.

69. The statements were of a kind that tend to lower or do in fact lower a person's reputation in the community or tend to discourage others from dealing or associating with the person or promoting or hiring the person.

70. ILEA and IN DNR engaged in concerted action to harm Sproles.

71. Sproles has suffered damages as a result of ILEA and IN DNR's defamation, including, but not limited to, lost compensation and wages, out of pocket expenses, severe emotional distress, and damage to his professional reputation.

## COUNT III
**Defamation per se**

72. Sproles incorporates by reference all preceding paragraphs.

73. The statements published by ILEA and IN DNR impute misconduct in Sproles' trade, profession, office, or occupation.

74. ILEA and IN DNR engaged in concerted action to harm Sproles.

75. Sproles has suffered damages as a result of ILEA and IN DNR's defamation, including, but not limited to, lost compensation and wages, out of pocket expenses, severe emotional distress, and damage to his professional reputation.

## COUNT IV
**Intentional Infliction of Emotional Distress**

76. Sproles incorporates by reference all preceding paragraphs.

77. The above conduct of ILEA and IN DNR was extreme and outrageous and was performed intentionally or recklessly.

78. ILEA and IN DNR acted with intent to emotionally harm Sproles.

79. ILEA and IN DNR engaged in concerted action to harm Sproles.

80. The conduct of ILEA and IN DNR caused severe emotional distress to Sproles.

## COUNT V
### Intentional Interference with Employment Relationship

81. Sproles incorporates by reference all preceding paragraphs.

82. ILEA acted to intentionally interfere with Sproles' employment relationship with IN DNR.

83. ILEA did not have a legitimate business purpose in so acting.

84. As a result of ILEA's actions, Sproles lost his employment with IN DNR.

85. Sproles has been damaged by ILEA's actions.

## COUNT VI
### Violation of Due Process Rights – Article 1, Section 12 of the Indiana Bill of Rights

86. Sproles incorporates by reference all preceding paragraphs.

87. Sproles possessed the right to obtain and utilize representation during the Review Board hearing conducted on April 18, 2022.

88. ILEA did not follow its own procedures when it conducted the Review Board on April 18, 2022.

89. Sproles appealed the decision of the Review Board within 60 days of its decision.

90. To date, ILEA has not responded to Sproles' appeal request.

91. ILEA has deprived Sproles of his right to a full and fair evidentiary hearing.

92. ILEA has deprived Sproles of due process through both its conduct of the Review Board and by failing to respond to his appeal request.

93. These violations of Sproles' constitutional rights caused him damage by the deprivation of his due process rights and that he was prohibited employment at the IN DNR, future employment opportunities as a member of IN DNR, and future government employment, his reputation was damaged, and he was damaged emotionally.

## COUNT VII
## 42 USC § 1983 Stigma Plus Claim

94. Sproles incorporates by reference all preceding paragraphs.

95. The false statement by ILEA and IN DNR that Sproles plagiarized placed a stigma upon Sproles.

96. The false statement that Sproles plagiarized was publicly disclosed.

97. The false statement that Sproles plagiarized was communicated to IN DNR.

98. Upon information and belief, the false statement that Sproles plagiarized was communicated to other individuals involved in government employment in Indiana.

99. Sproles suffered a tangible loss because of the public disclosure, including the loss of his job with IN DNR and future employment opportunities as a member of IN DNR and future government employment, and has incurred attorney fees.

100. Sproles requests an award of his attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Mark Evan Sproles requests that the Court enter judgment in an amount that will be sufficient to compensate him for his losses and damages, for prejudgment interest, for litigation expenses, attorney fees, and for all other legal and equitable relief just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action on all issues so triable.

    Respectfully submitted,

    /s/ Dawn E. Wellman
    Dawn E. Wellman, #1030-45
    Thomas S. Bowman, #30532-64
    *Counsel for Plaintiff*


ALLEN WELLMAN McNEW HARVEY, LLP
Five Courthouse Plaza
Greenfield, Indiana 46140
(317) 462-3455; Fax (317) 467-6109
dew@awmh.net
tsb@awmh.net