UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK EVANS SPROLES, )<br>)<br>     *Plaintiff*, )<br>)<br>     vs. )<br>)<br>MARK BRIDGE, ET AL. )<br>)<br>     *Defendants*. ) | No. 1:23-cv-00431-JMS-KMB |

**ENTRY DISCUSSING SHOW CAUSE ORDER**

Plaintiff Mark Sproles initiated this litigation on March 10, 2023, asserting various claims for damages and injunctive relief against Defendants under 42 U.S.C. § 1983 related to Mr. Sproles' dismissal from Indiana Law Enforcement Academy ("ILEA"). On September 28, 2023, the Court granted in part and denied in part Defendants' Motion to Dismiss and ordered Mr. Sproles to show cause as to why his remaining claim for injunctive relief should not be dismissed as moot. [Filing No. 45.]  Mr. Sproles has now filed his Response to the Order to Show Cause, [Filing No. 50], and Defendants have filed their Response to Plaintiff's Response to Order to Show Cause, [Filing No. 54.]  The Court addresses the parties' responses and whether Mr. Sproles' claim for injunctive relief is moot.

**I.**
**BACKGROUND**

The following factual allegations are taken from the Amended Complaint, [Filing No. 22], and are accepted as true solely for the purpose of this Entry.

Mr. Sproles was enrolled in ILEA for training as a result of his recent employment as a Trainee Officer with the Indiana Department of Natural Resources Law Enforcement Division

1

("IDNR"). [Filing No. 22 at 4.] During his enrollment in ILEA, he was accused of plagiarizing an assignment. [Filing No. 22 at 6.] ILEA conducted a Staff Review Board ("Review Board"). [Filing No. 22 at 6.] Mr. Sproles "was not told that a Review Board was being conducted until after the Review Board was finished." [Filing No. 22 at 6.] He was also "not advised that he could request the Review Board hearing to be open"; "was not provided the opportunity to present evidence on his behalf"; "was not given the opportunity to have counsel present at the Review Board hearing" despite having "the right to obtain and utilize representation"; and "was not informed of his right to an appeal." [Filing No. 22 at 7.] The Review Board determined that he plagiarized the assignment. [Filing No. 22 at 8.] The IDNR then dismissed Mr. Sproles from the ILEA class and terminated his employment. [Filing No. 22 at 9.]

Mr. Sproles sued under 42 U.S.C. § 1983, alleging that Defendants deprived him of due process (Count I) and deprived him of his liberty to pursue his occupation as a law enforcement officer (Count II). [Filing No. 22.] Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 35.] In his Response to Defendants' Motion to Dismiss, Mr. Sproles admitted that he later completed the ILEA course and graduated from ILEA. [Filing No. 39 at 6.]

The Court granted Defendants' Motion to Dismiss at to Count I and dismissed that count with prejudice, denied Defendants' Motion to Dismiss as to Count II, and ordered Mr. Sproles to show cause as to why his occupational liberty claim for injunctive relief under Count II should not be dismissed as moot in light of his graduation from ILEA. [Filing No. 45.]

## II.
### DISCUSSION

Mr. Sproles argues that his occupational liberty claim for injunctive relief is not moot despite his graduation from ILEA because the determination that he plagiarized is still part of his

record and is damaging to his reputation. [Filing No. 50 at 1-2.] He argues that because a name-clearing hearing could repair the damage to his reputation, his claim is not moot. [Filing No. 50 at 2-3.]

Defendants argue that Mr. Sproles' injunctive relief claim in which he requests a name-clearing hearing is moot because he did not "explain why . . . any 'clearing' of the prior review board decision would impact his current status as a successful ILEA graduate" and that the claim is therefore waived.[1] [Filing No. 54 at 4-6.] Defendants also argue that Mr. Sproles' additional claims for injunctive relief—a new Review Board hearing and an appeals process that complies with ILEA's procedures and policies—are moot because the Court dismissed Count I after finding that Mr. Sproles did not have a property interest in ILEA's procedures being followed.[2] [Filing No. 54 at 2-4.]

"A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. [This occurs] only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Driftless Area Land Conservancy v. Rural Utils. Servs.*, 74 F.4th 489, 493 (7th Cir. 2023) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up)).

When a plaintiff proves all elements of an occupational liberty claim, "the remedy mandated by the Due Process Clause of the Fourteenth Amendment 'is an opportunity to refute the

---

[1] Defendants also argue that Mr. Sproles' claim is moot because he did not sufficiently allege the element of publication to satisfy stating a claim for deprivation of occupational liberty. [Filing No. 54 at 4-6.] This argument uses the Court's inquiry about mootness as a means to raise the issue of publication, which Defendants failed to raise in their Motion to Dismiss. [Filing No. 35.] Defendants have waived any argument regarding publication for the purposes of their Motion to Dismiss due to failure to develop it, *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("undeveloped arguments are waived"), and cannot now raise it under the guise of mootness at this juncture. The issue is not foreclosed should a motion for summary judgment be filed.

[2] Because Count I was dismissed, there is no need for the Court to address the injunctive relief Mr. Sproles requested in connection with Count I.

3

charge.'" *Codd v. Velger*, 429 U.S. 624, 627 (1977) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972)). "The purpose of such notice and hearing is to provide the person an opportunity to clear his name." *Codd*, 429 U.S. 627 (quotation and citation omitted). To have such a hearing, "there must be some factual dispute" that bears significantly on the individual's reputation. *Codd*, 429 U.S. 627; *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 356 (7th Cir. 1998) (explaining that when a plaintiff proves all the elements of an occupational liberty claim and if the defamatory statements were of a kind that the individual could refute them and clear his name given the opportunity, the remedy is a name-clearing hearing).

Mr. Sproles' occupational liberty claim for injunctive relief in the form of a name-clearing hearing is not moot and may proceed. The Court has already determined that Mr. Sproles has stated a legally cognizable interest under Count II—the deprivation of his occupational liberty. [Filing No. 45 at 13-18.] And the Court finds that a name-clearing hearing is a proper form of relief in occupational liberty claims where defamatory statements were of a kind that the individual can refute and clear his name given the opportunity. *Codd*, 429 U.S. at 627; *Strasburger*, 143 F.3d at 356. Although Mr. Sproles eventually graduated from ILEA, he contends the determination that he plagiarized still affects his reputation and occupational liberty. It is therefore possible for the Court to grant Mr. Sproles effectual relief via a name-clearing hearing because Mr. Sproles can refute the determination and clear his name.

Defendants' argument that Mr. Sproles did not explain how a name-clearing hearing would impact his current status as a successful ILEA graduate is groundless. Mr. Sproles explained that the plagiarism determination continues to damage his reputation and harm his occupational liberty. [Filing No. 50 at 3.] Accordingly, the claim is not moot. The Court **DISCHARGES** its September

4

28, 2023 Show Cause Order, [Filing No. 45], and finds that Mr. Sproles' occupational liberty claim for injunctive relief is not moot.

### III.
### CONCLUSION

The Court finds that Mr. Sproles' occupational liberty claim for injunctive relief is not moot and **DISCHARGES** its September 28, 2023 Show Cause Order, [45].  The Court requests that the Magistrate Judge confer with the parties as soon as practicable regarding an agreed resolution of the remaining claims.

Date: 11/28/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**