EXHIBIT T    Mark Sproles  4150

# Indiana Law Enforcement Academy
## Basic Report Writing Course
## General Grading Criteria
## Written Final Exam

-2½ (98%)

### Procedure:
1. Watch the prescribed video. Details in the video must be reported accurately. Officers must also use the information from their witness statements, and other supplemental info given to them by the instructor.
2. Write a PC narrative AND a DUI Affidavit for the **Lester DUI** case that includes at least 18 of the maximum 24 points below.

### Maximum points for each grading criteria:

**Points**

- -½ | 1 | 1. A detailed description of the suspect (3-4 identifiers, and link to crime).
- -½ | 1 | 2. A numbered list showing supplemental documentation (attachments).
- 1 | 3. A detailed description of the vehicle including year, make, model, license plate or VIN number.
- 1 | 4. A clear explanation of how the suspect vehicle was linked to the crime (Is it clear that the suspect was OPERATING the motor vehicle)
  - Was the vehicle running?
  - Was the vehicle in motion?
  - Was the suspect behind the wheel?
  - Was the suspect operating the vehicle?
    - Did you see this?
    - Did someone else see this?
  - Was there anyone else in the vehicle?
  - Did you ever lose sight of the vehicle?
- N/A | 5. A <u>legal</u> justification for the use of force during the arrest, as well as a detailed description of that use of force.
- 2 | 6. Legal justification for searching AND seizing evidence on suspect and from inside the vehicle (Did you establish probable cause before seizing breath sample (or blood or urine) under the Implied Consent law?)
- 2 | 7. A good documentation of the Implied Consent procedure
  - Did you advise the suspect of the Implied Consent law?
  - Was it read from a card or pre-printed sheet?
  - Did the suspect agree to take a chemical test?
    - If so, how did they agree?
    - If not, how did they refuse?
- 4 | 8. Document the facts that satisfy <u>ALL</u> the elements of the crime(s) for which you are charging.
  #1 – OVWH / OVWI
  - Person
  - Operates
  - Vehicle
  - While Intoxicated OR While having a BAC of .08 or greater
  #2 – Driving While Suspended
  - Person
  - Operates

-1


EXHIBIT
6

|   |     |                                                                                                   |
|---|-----|---------------------------------------------------------------------------------------------------|
|   |     | - Vehicle                                                                                         |
|   |     | - While having a suspended license                                                                |
| 4 | 9.  | Good detail on ALL aspects of the **follow-up** investigation. Facts including:                   |
|   |     | - Chemical test procedure and results?                                                            |
|   |     | - Arrest / search?                                                                                |
|   |     | - Driver's license seizure and receipt?                                                           |
|   |     | - Miranda / Post arrest interview?                                                                |
|   |     | - Vehicle impound & Inventory?                                                                    |
|   |     | - Driver's license history review (OVWI prior conviction, suspended status on driver's license)?  |
|   |     | - Victim / witness statements taken?                                                              |
|   |     | - Other officers' supplemental reports collected and attached?                                    |
| 4 | 10. | **General Writing Techniques** (plus and minus categories): |
|   |     | **Good areas** – Understandable language used, focused on important issues, relevant matters emphasized, made visual, medium or short paragraphs, logical progression, accurate timeline, etc. |
|   |     | **Bad areas** – Use of run-on sentences or paragraphs; use of "Officious" language, acronyms, abbreviations, police jargon, Ten Codes, legalese, etc.; mistakes in grammar, punctuation or spelling; omission of important Who, What, Where, When, Why and How information; Timeline or factual errors from video; Using all CAPS, using first name only, failure to proofread. |
| 1 | 11. | Format: Predication or Preamble used (Lead-In sentence) |
| 1 | 12. | Format: Headings / subheadings used in Case Report |
| 1 | 13. | Format: PC Affidavit sworn and signed |
| 2 | 14. | Format: Completed/signed standardized OVWI PC affidavit |

25 Points Possible
Minimum score: 18 of 24 points (75%)

Session 225 et seq.

State Form 44213 (R6 / 10-10)
**STATE OF INDIANA IN THE** ____Superior____ **COURT COUNTY OF** ____Franklin____ SS:

EXHIBIT T

| State of Indiana | ) |
|---|---|
| vs. | ) COURT CAUSE NUMBER ____N/A____ AGENCY CASE NUMBER ____FC123ABC45____ |
| Lester, Dee M. | |

# AFFIDAVIT FOR PROBABLE CAUSE

I, ____Mark E. Sproles____, a law enforcement officer with the (*agency*) ____IDNR Law Enforcement____, affirms that on (*date*) __04__ / __11__ / __2022__, at approximately ____11:00____ ☐ am ☑ pm the accused, (*first name*) __Dee__ (*middle initial*) __M.__ (*last name*) __Lester_____, a ☑ Male, ☐ Female, (*d/o/b*) __08__ / __30__ / __1986__, (*DL number or last four digits of SSN*) ____0002-00-0002____, (*license type*) __Operator__, was observed in (*location*) __Eastbound I74 MM148__ (*county*) __Franklin County__, Indiana operating a (*vehicle description, include CMV and Hazmat indicator*): __2014 - Kia - Sorento - White - 4-S - VIN: SK123GHK897T897636__ under the following circumstances.

## I. PRELIMINARY OBSERVATION/REASON FOR STOP (*check all that apply*)
☑ I observed the accused operate a vehicle in my presence and view.
☑ __Austin J. Walsh__ observed the accused operate a vehicle.
☑ I had reason to believe the accused operated the vehicle because: __Lester was the only person in the vehicle and he was in the driver's seat when I made contact.__
☑ The accused committed the following violation(s): __Left of center. No license plate.__
☐ Passenger under age 18 pursuant to IC 9-30-5-3(2)
☐ Other: __N/A__
Crash Involved: ☐ Yes ☑ No Crash involved   Local Crash Number: __N/A__   Time of Crash: __N/A__ ☐ am ☐ pm
☐ The accused admitted to being the driver involved in the crash.
☐ The result of the accused driving resulted in: ☐ serious bodily injury ☐ fatality
Name(s) of person(s) injured: __N/A__

## II. OBSERVATIONS
I had reason to believe the accused was INTOXICATED because I observed the following:

| | | Field Test | Passed | Failed |
|---|---|---|---|---|
| ☑ Odor of alcoholic beverage | ☐ Left vehicle in gear | ☑ HGN | ☐ | ☑ |
| ☐ Alcohol beverage containers in view | ☐ Failed to shut off vehicle | ☑ Walk and Turn | ☐ | ☑ |
| ☑ Speech was __slurred__ | ☐ Could not open door | ☑ One Leg Stand | ☐ | ☑ |
| ☑ Eyes were __bloodshot__ | ☐ Pulled self from vehicle | ☐ Rhomberg Balance | ☐ | ☐ |
| ☐ Manual dexterity __N/A__ | ☑ Staggered from vehicle | ☐ P.B.T./Alco-sensor 0.___ gram of alcohol per 210 liters of breath | | |
| ☐ Abusive attitude __N/A__ | ☐ Leaned against vehicle | | | |
| ☑ Balance was __unstable__ | | DRE: Conclusion: __N/A__ Performed by: __N/A__ | | |
| ☐ Soiled/disorderly clothing __N/A__ | | | | |

☑ Other observations/test: __Weaving in lane. Handed me credit card instead of driver's license as instructed.__

## III. CHEMICAL TEST
☑ I advised the accused of the Implied Consent Law and the accused:   ☑ submitted to, or   ☐ refused a chemical test   ☐ results are pending
☐ I was unable to offer a chemical test to the accused because such person was:   ☐ unconscious   ☐ injured
☑ __Joseph T. Friday__, a certified chemical test operator, determined from a chemical test that the accused had an alcohol concentration equivalent to __0.128__ gram of alcohol per 210 liters of breath. The chemical test was administered at (*location*) __Franklin County Sheriff Department__ at __11:30__ ☐ am ☑ pm using certified instrument number __010870500__.
☐ I was told by ____N/A____ the result of the chemical test was an alcohol concentration equivalent to 0. __N/A__ gram of alcohol per 100 milliliters of blood. Such test was administered by drawing or taking a sample of whole blood at __N/A__ ☐ am ☐ pm. Drawn by: __N/A__.
☐ I was told by (*name*) ____N/A____ the result of the chemical test determined that the accused had in his/her body a controlled substance, a controlled substance metabolite, or a drug, to wit ____N/A____. Such test was administered by drawing or taking a sample of: ☐ blood, ☐ urine, ☐ other ____N/A____ at (*location*) ____N/A____ at (*time*) __N/A__ ☐ am ☐ pm.
Drawn by: __N/A__

## IV. WITNESS INFORMATION (*Only Print Witness Information on Officer and Prosecutor Copy.*)
1. Name __Austin J. Walsh__   Address __4850 South SR446 Bloomington, Indiana 47401__   TX Number __(812)-837-9536__
2. Name __N/A__   Address __N/A__   TX Number __N/A__

## V. PREVIOUS INDIANA AND OUT OF STATE CONVICTION(S)
1. Offense, Court Information, Conviction Date and Court Cause/Case number. __DUI - November 2017 - Hendricks County__
2. Offense, Court Information, Conviction Date and Court Cause/Case number. __N/A__

THE ACCUSED COMMITTED A VIOLATION OF IC 9-30-5, IC 14-15-8, or IC 31-37-19.
I AFFIRM PURSUANT TO IC 35-34-1-2.4 UNDER THE PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE.

| Signature of Affiant | Date (*month, day, year*) | Print Name & Department |
|---|---|---|
| *[signed]* | 4 / 12 / 22 | Mark E. Sproles - IDNR LE |

ORIGINAL TO PROSECUTOR/COURT     1st COPY TO BMV FROM COURT     2nd COPY FOR OFFICER

### Bureau of Motor Vehicles Certificate
COURT CAUSE/CASE NUMBER: __N/A__     AGENCY CASE NUMBER: __FC123ABC45__
Offense Date (*month, day, year*): __04__ / __11__ / __2022__  Time: __11:00__ ☐ am ☑ pm  (*DL number or last four digits of SSN*) __0002-00-0002__
Driver License Type: __Operator__                                          Driver License State: __Indiana__
Full Name: (*First*) __Dee__           (*Middle Initial*) __M.__ (*Last*) __Lester__
Date of Birth: __08__ / __30__ / __1986__  Gender: ____  Weight: __185__  Height: __6' 1"__  Eye Color: __Brown__  Hair Color: __Brown__  Race: __White__
Address (*number and street, city, state, and ZIP code*): __378 Florence Street Plainfield, IN 46168__
Vehicle Type:   ☑ Passenger   ☐ CMV   ☐ Hazmat   ☐ Other: __N/A__
The above Motorist:  ☐ Refused   ☑ Failed Alcohol Test 0. __128__ BAC   Drugs: ☐ Yes ☑ No   ☐ Pending Results of Alcohol or Drug Test(s)
PROBABLE CAUSE FOUND THAT DEFENDANT VIOLATED IC 9-30-5 or IC 14-15-8 and charges are pending. THE COURT RECOMMENDS THAT THE BMV TAKE THE FOLLOWING ACTION ON DEFENDANT'S DRIVING PRIVILEGES:
☐ Immediate Suspension  ☐ Suspend upon notice from the Bureau of Motor Vehicles  ☐ Court Ordered Ignition Interlock Device in Lieu of Suspension

Judge's Signature: _____     Date (*month, day, year*): ___/___/___

Agency Case Number __FC123ABC45__

# RECEIPT FOR LICENSE
Part of State Form 44213 (R6 / 10-10)

Instructions for Officer: In accordance with IC 9-30-6-7, the officer shall inform the person that refusing to submit to a chemical test will result in the suspension of the person's driving privileges. If a person *refuses* to submit to a chemical test after having been advised that the refusal will result in the suspension of driving privileges or submits to a chemical test that results in prima facie evidence of intoxication, the arresting officer ***shall obtain the person's driver's license or permit*** if the person is in possession of the document ***and issue a receipt valid until the initial hearing of the matter held under IC 35-33-7-1.***

This receipt is issued pursuant to IC 9-30-6-7, and is valid until your driving privileges are suspended by the court or by the Bureau of Motor Vehicles. Notice of suspension will be sent to the last address you provided to the Bureau of Motor Vehicles. If your address is not current with the Bureau of Motor Vehicles, pursuant of IC 9-24-13-4, you must update your information with the Bureau of Motor Vehicles immediately.

**YOU MUST BRING THIS RECEIPT FOR LICENSE WITH YOU TO COURT.**

Date of Arrest (month, day, year): 04 / 11 / 2022   Time: 11:00   ☐ AM  ☑ PM

Charges: Operating while intoxicated   Agency ORI: IN0530500

Driver License Number: 0002-00-0002   Driver License Type: Operator

Driver License State: Indiana

Date of Birth (month, day, year): 08 / 30 / 1986   Height: 6' 1"   Weight: 185

Eye Color: Brown   Hair Color: Brown

Name: (First) Dee   (Middle Initial) M.   (Last) Lester

Address (number and street, city, state, and ZIP code): 378 Florence Street Plainfield, IN 46168

Printed Signature of Officer: Mark E. Sproles   Date (month, day, year): 04 / 11 / 2022

Law Enforcement Agency: IDNR   Badge Number: 488

# INCIDENT REPORT
Part of State Form 44213 (R6 / 10-10)

Agency Case Number: FC123ABC45

Name: *(First)* Dee    *(Middle Initial)* M.    *(Last)* Lester

Driver License Number/or last 4 digits of SSN: 0002-00-0002    Date of Birth *(month, day, year)*: 08 / 30 / 1986

Incident Date *(month, day, year)*: 04 / 11 / 2022    Incident time: 11:00    ☐ AM ☑ PM

Associated Traffic Tickets numbers: N/A

Narrative:

See attached narrative.

**DRIVING BEHAVIOR DIAGRAM** – Part of State Form 44213 (R6 / 10-10)

EXHIBIT T

## VEHICLE IN MOTION
Initial observations (TIME 23 : 00 ) _____
Vehicle going left of center. No license plate.

Observation of stop Turned on emergency red and blue lights. Activated emergency siren when vehicle did not acknowledge my emergency red and blue lights. Vehicle was slow to pull over.

## PERSONAL CONTACT
Manual dexterity Normal

Observation of driver Strong odor of alcohol. Bloodshot eyes. Slurred speech. Unstable balance. Cooperative attitude.

Speech slurred          Eyes bloodshot
Attitude cooperative    Smell alcohol
Balance unstable        Containers in view N/A
Driver's voluntary statements Driver stated he had a couple beers a few hours prior to traffic stop.

## INTERVIEW REGARDING PHYSICAL CONDITION
What kind of vehicle were you driving 2014 - KIA - Sorento - 4-S - White
Glasses / Contacts / Eye conditions N/A
Physical conditions N/A
Physical injuries N/A
Medications N/A

## INTERVIEW REGARDING SUBSTANCE INTAKE
What have you had to drink? Beer
Brand N/A           Amount Two
Where did you drink? "Downtown"
When did you start? 20 : 00  When did you finish? 21 : 00

Have you taken any illegal drugs? N/A
What? N/A
When did you take them? N/A

### 1  HORIZONTAL GAZE NYSTAGMUS INSTRUCTIONS
- ☐ Are you wearing glasses or contacts?
- ☑ I'm going to check your eyes.
- ☑ Stand w/ your feet together, hands to your side.
- ☑ Follow the stimulus, w/ your eyes, but do not move your head.
- ☑ Focus on the stimulus until I tell you to stop.
- ☑ Hold stimulus 12 to 15 inches in front of nose just above eye level.
- ☑ Equal pupil size and tracking (if not, NO TEST)
- ☑ Check for resting nystagmus (NOT A CLUE)

### HORIZONTAL GAZE NYSTAGMUS CLUES
| CLUES | LT | RT |
|---|---|---|
| Lack of smooth pursuit (approximately 2 seconds out / 2 seconds back) | ☑ | ☑ |
| Distinct and sustained nystagmus @ max. dev. (4 secs minimum @ MD) | ☑ | ☑ |
| Onset of nystagmus prior to 45 degrees | ☑ | ☑ |
| Check for Vertical Nystagmus (NOT A CLUE)  SCORE | 6 | |

DECISION POINT: 4 CLUES / MAXIMUM # OF CLUES 6

### 2  WALK AND TURN INSTRUCTIONS
- ☑ Place your left foot on the line (real or imaginary) and put your right heel against the toe of your left foot.
- ☑ Place your arms to your side.
- ☑ Maintain this position and do not do anything until I tell you to start.
- ☑ **DO YOU UNDERSTAND?**
- ☑ When I tell you to start, take nine heel-to-toe steps along the line.
- ☑ On the ninth step, leave your front foot on the line and turn by using small steps with your back foot & take nine heel-to-toe steps back down the line.
- ☑ Keep your hands by your side, count your steps OUT LOUD, and keep looking at your feet.
- ☑ Once you start, do not stop until the test is completed.
- ☑ **DO YOU UNDERSTAND?**

Stopped for safety reasons or could not perform test safely ☐

### WALK AND TURN CLUES
- ☐ Can't balance during instructions
- ☐ Stops while walking
- ☐ Steps off the line
- ☑ Turns Improperly
- ☐ Starts too soon
- ☑ Misses heel to toe
- ☑ Uses arms to balance
- ☐ Wrong number of steps

DECISION POINT: 2 CLUES / MAXIMUM # OF CLUES 8   SCORE 3

### 3  ONE LEG STAND INSTRUCTIONS
- ☑ Stand with your feet together.
- ☑ Keep your arms by your side.
- ☑ Maintain that position until told to do otherwise.
- ☑ **DO YOU UNDERSTAND?**
- ☑ Keep both legs straight
- ☑ Raise one foot approximately 6 inches w/ foot parallel to ground
- ☑ Look down at your raised foot
- ☑ Count OUT LOUD (1001, 1002, 1003) until told to stop.

30 second timed test – DO NOT ADVISE SUBJECT OF TIMED TEST

### ONE LEG STAND CLUES
- ☑ Sways during test
- ☑ Uses arms to balance
- ☐ Hops
- ☑ Puts foot down

Stopped for safety reasons or could not perform test safely ☐

SCORE 3

DECISION POINT: 2 CLUES / MAXIMUM # OF CLUES 4

### 4  PBT Result _____  Mouth Checked at ___:___

### ALTERNATE TESTS
**50 pounds overweight / 65 years of age or older / claimed injury**

Alphabet D through R: N/A

Finger Count 1-2-3-4 / 4-3-2-1 each finger to thumb: N/A

Backward Count 96 to 66: N/A

Other: N/A

**Preliminary information:**

On Monday, 04/11/2022, at approximately 2300 hours, I, Officer Mark E. Sproles, and Officer Austin J. Walsh, were on normal patrol in Franklin County. The weather conditions were clear, it was dark outside with no natural lighting, and we were eastbound on I74.

**Initial observations:**

While driving eastbound I74 at mile marker 148, I saw a 2014, KIA Sorento, white in color, swerving left of center with no license plate (VIN: SK123GHK897T897636). I saw the vehicle drive left of center twice within the distance of one mile. I saw the vehicle then roll through a stop sign when he exited I74 and proceeded southbound on SR229.

*[handwritten annotation: "them" / "turned" / "You actually / got on far sooner than this."]*

**Vehicle stop:**

Once the driver turned off the exit and headed southbound on SR229, I turned on my emergency red and blue lights at approximately 2305 hours. The driver did not attempt to stop, so I turned on my emergency siren to get his attention. He started to slow down and pull over to the side of the road and came to rest on the right shoulder.

**Driver contact:**

I walked to the passenger door. When I reached the passenger door, I informed him on the reason I stopped him was because he was weaving left of center, and he did not have a license plate. I asked the driver for his license and vehicle registration. The driver was later identified as Dee M. Lester, (DOB 8/30/1986, 6'1", 185lbs, brown eyes, brown hair). He told me that he was just "tired" and was coming from "downtown." He stated that he was "with some friends" and that he was "just headed home." The driver then handed me a Visa credit card instead of his driver's license. He apologized and then gave me the correct documents. I asked him how much alcohol he had to drink, and he responded with, "just a couple drinks." I could clearly hear him slurring his words as he talked. I told him to step out of his vehicle and meet me at the front of my patrol vehicle so I could see if he was ok to drive for the night. As he exited his vehicle, he began to stumble, but regained his balance enough to walk to my patrol vehicle.

Once we got to my patrol vehicle, I began to ask Lester a few basic questions. I had Officer Walsh witness my actions, questions, and instructions. The questions consisted of if Lester had any mechanical issues with his vehicle, if he was sick or injured, and if there was anything physically wrong with him. He responded with, "no" to all my questions. I then asked him when the last time he ate was and what he ate. He said that he ate pizza a few hours ago. I asked him again where he was coming from and where he was headed, and he responded with "downtown" and that he was "just going home." I asked him how much alcohol he had to drink,

and he said that he just had "two." He told me he started drinking three hours ago but stopped two hours ago. He said that he did not feel the effects of the alcohol.

**Field sobriety tests:**

After I had completed my basic questions, I told him to stand with his feet together and his arms down at his sides, as I was about to begin the Standardized Field Sobriety Tests (SFST) with him. I began by instructing him on how to perform the Horizontal Gaze Nystagmus (HGN) test. I told him to "follow the tip of my finger with your eyes only and don't move your head," and asked if he understood. He said, "yes." After the test was completed, Lester had "failed" all six steps, or "clues" (three for each eye) of HGN; lack of smooth pursuit, distinct and sustained nystagmus at maximum deviation, and onset of nystagmus prior to 45 degrees.

I then found a flat, level surface with no obstructions to perform the Walk and Turn test. I explained and demonstrated the test by telling him to, "imagine a line in front of you, place your left foot on that line, and place your right foot on the line directly in front of your left foot, with the heel of your right foot in front of your left foot." I then told him to, "take nine heel to toe steps on the line, turn, and take nine heel to toe steps down the line." I physically demonstrated the test to him and gave more clarification to him. He said that he understood the test and started to perform the test. After the Walk and Turn test was over, he had turned improperly, missed heel to toe, and used his arms for balance, for a total of three "failures" or "clues."

The last test I administered was the One Leg Stand. I explained and demonstrated how to properly perform the One Leg Stand. I told him to, "raise one leg, foot six inches from the ground, parallel with the ground," and while looking at his leg to count by one thousands until I tell him to stop. I asked him if he understood the instructions and he stated that he did understand. During the One Leg Stand, Lester had three "failures" or "clues" indicating that he was intoxicated. The "clues" were him swaying during the test, using his arms to balance, and him putting his foot down. I read Lester Implied Consent verbatim from my Implied Consent card. He stated he would submit to a breath test after I read him Implied Consent.

**Arrest:**

At approximately 2320 hours, after completing the SFST, I told Lester to turn around and I placed him under arrest for DUI. I told him to "put your hands on your head, interlock your fingers, separate your feet, and don't move." I then placed him in handcuffs. I checked the handcuffs for proper fit and double locked the handcuffs. I put him in the backseat of my patrol vehicle.

**Disposition of vehicle and contents:**

I called for a tow truck for Lester's 2014, KIA Sorento from Whitewater Towing LLC. Officer Walsh and I then inventoried Lester's vehicle. Once the tow truck arrived, Officer Walsh, Lester, and I were in route to the Franklin County Sheriff Department jail.

**Implied consent:**

Once Officer Walsh, Lester, and myself arrived at the Franklin County Sheriff Department jail, I read Lester Implied Consent a second time from my Implied Consent card before the chemical test. Lester again stated that he would submit to the chemical test. Officer Walsh, Lester, and I went into the jail to where the chemical test was located. I confirmed that the chemical test was calibrated within the last week, and I checked Lester's mouth for any foreign object that would impede the results of the test. I instructed Lester on how to perform the chemical test, and he performed it with no issues and completed the test at approximately 2330 hours. Officer Joseph T. Friday, a certified chemical test operator, determined Lester's result was 0.128BrAC.

**Final disposition:**

After the results of the chemical test, Lester was then booked into jail at the Franklin County Sheriff Department for operating a vehicle while intoxicated. I also issued Lester citations for driving left of center and no license plate. Lester's vehicle was inventoried and towed by Whitewater Towing LLC. I have submitted my report to the prosecutor upon district approval.

**Attachments:**

1. Driver's license
2. Officer's supplemental reports
3. Criminal history information
4. Chemical test paperwork
5. Copies of tickets
6. Tow log and inventory sheet

_Mark E. Sproles_  
Officer Printed Signature

_Mark E. Sproles_  
Officer Signature